FILED
 2012 May-07 AM 10:39
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MELVIN T. SMITH,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Civil Action No. CV-11-S-3590-NE |
| **WAYNE FARMS, L.L.C.,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Melvin T. Smith, commenced this action against his then-employer, defendant Wayne Farms, L.L.C., on October 11, 2011.[1] Plaintiff alleges claims of racial discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981,[2] and seeks money damages, a declaratory judgment, and injunctive relief. Defendant moved for summary judgment on all claims on April 12, 2012.[3] Upon consideration of the motion, brief, and evidentiary submission, the court concludes the motion is due to be granted.

---

[1] Doc. no. 1 (Complaint).

[2] *Id.* Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Unlike Title VII, it addresses discrimination only on the basis of race, and does not require a plaintiff to pursue administrative remedies prior to bringing suit. A plaintiff claiming race discrimination can rely on Title VII, § 1981, or both.

[3] Doc. no. 16.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[4] In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact 'exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party.'" *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999) (quoting *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1284-85 (11th Cir. 1997)).

"In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v.*

---

[4] Rule 56 was amended, effective December 1, 2010, in conjunction with a general overhaul of the Federal Rules of Civil Procedure. The Advisory Committee was careful to note, however, that the changes "will not affect continuing development of the decisional law construing and applying these phrases." Adv. Comm. Notes to Fed. R. Civ. P. 56 (2010 Amends.). Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

*City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).  "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983).  Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case.  The relevant rules of substantive law dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921); s*ee also Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## II. BACKGROUND

Plaintiff, Melvin T. Smith, who is African-American, began working for defendant, Wayne Farms, L.L.C., in March of 2009.[5]  He was employed as a "maintenance supervisor."[6]  Beginning in June of 2010, Smith worked under the direct supervision of Jerry Ravan, who held the position of "maintenance manager."[7]  Smith alleges that Ravan, who is Caucasian, discriminated against him on the basis of race

---

[5] Doc. no. 1 § III ¶ 4.
[6] *Id.*
[7] *Id.* § III ¶¶ 5-6.

and retaliated against him when he complained to management about the discrimination.[8]  Smith voluntarily submitted a letter of resignation from his employment with Wayne Farms on March 4, 2012.[9]  His last day of work at Wayne Farms was March 15, 2012.[10]  He took a new job as a maintenance manager at Goodyear Tire.[11]

Smith filed this lawsuit on October 11, 2011.[12]  He filed a bankruptcy petition on November 30, 2011, *i.e.*, seven weeks after filing this lawsuit.[13]  "Schedule B" of the bankruptcy petition is a list of the debtor's personal property.[14]  For the category labeled "Other contingent and unliquidated claims of every nature, including tax refunds, conterclaims of the debtor, and rights to setoff claims," Smith marked "NONE."[15]

Another section of the bankruptcy petition form is entitled "Statement of Financial Affairs."  In the first subsection, Smith indicated that he was employed by

---

[8] *Id.* § III ¶¶ 7, 19.
[9] Doc. no. 18-8 (Affidavit of Brian Marto) ¶ 2.
[10] *Id.*
[11] *Id.* ¶ 3.
[12] *See* doc. no. 1.
[13] *See* doc. no. 18-3 (Bankruptcy Petition), at ECF 50; doc. no. 18-7 (Bankruptcy Docket Sheet), at ECF 2..
[14] *See* Bankruptcy Petition, at ECF 11-14.
[15] *Id.* at ECF 13.

Wayne Farms.[16] The fourth subsection is titled "Suits and administrative proceedings, executions, garnishments and attachments."[17] The petitioner is instructed to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case."[18] Smith listed three suits: an ejection suit, in which he was the defendant, brought in the Circuit Court of Jefferson County in 2011; a collection suit, in which he was the defendant, brought in the Circuit Court of Jefferson County in 2010; and an uncontested divorce proceeding, in which he was the plaintiff, brought in the Domestic Relations Court of Jefferson County in 2010.[19] He did not list this lawsuit. Smith signed the petition under penalty of perjury on November 30, 2011.[20]

The bankruptcy trustee determined "that there is no property available for distribution from the estate over and above that exempted by law."[21] As a result, Smith's debts were discharged in their full amount of $165,285.89 on March 20, 2012.[22] On April 12th, Wayne Farms moved for summary judgment in this case, and

---

[16] *Id.* at ECF 27.

[17] *Id.* at ECF 28.

[18] *Id.* (bracketed alteration supplied, emphasis in original).

[19] Bankruptcy Petition at ECF 28-29.

[20] *Id.* at ECF 50.

[21] Bankruptcy Docket Sheet, at ECF 4.

[22] *Id.*; doc. no. 18-6 (Bankruptcy Discharge Order), at ECF 2. *See also* Bankruptcy Petition, at ECF 8 (listing total liabilities of $165,285.89).

the court ordered Smith to respond on or before May 3, 2012.[23] Despite the fact that he is represented by counsel, Smith did not file any response to the motion for summary judgment.

### III.  DISCUSSION

#### A.  Plaintiff's Claim for Damages

Defendant argues that summary judgment is appropriate under the doctrine of judicial estoppel, which

> protects the integrity of the judicial system by barring litigants from deliberately taking inconsistent positions based on the "exigencies of the moment." *See* [*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1281, 1285 (11th Cir. 2002)] (citation omitted). We have, on several occasions, applied judicial estoppel to claims by plaintiffs who failed to disclose their claims in a prior bankruptcy case. *See, e.g., Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010); *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289 (11th Cir. 2003); *Burnes,* 291 F.3d at 1287–88. This circuit applies a two part test for judicial estoppel. We ask:  (1) has the party previously adopted an inconsistent position under oath in a judicial proceeding, and (2) did the party intend to "make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285 (quotation omitted). These two factors "are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." *Id.* at 1286.

*Jones v. United States*, No. 1:11-cv-00771-JOF, 2012 WL 833320, at *2 (11th Cir. Mar. 14, 2012) (*per curiam*) (bracketed alteration supplied). Courts apply the doctrine of judicial estoppel when parties do not disclose their lawsuits on their Statements of

---

[23] Doc. no. 16; Text Order of April 12, 2012.

Financial Affairs because, in the bankruptcy context, "the importance of full and honest disclosure cannot be overstated." *Id.* (quoting *Burnes*, 291 F.3d at 1286).

Here, the first judicial estoppel factor, taking an inconsistent position under oath, is satisfied. Plaintiff did not include this lawsuit in his bankruptcy petition, despite the fact that it had been filed less than two months earlier, that he listed other, older lawsuits to which he had been a party, and that he listed defendant as his employer.[24] Thus, the applicability of judicial estoppel depends on whether he intended to "make a mockery of the judicial system."

"For purposes of judicial estoppel, intent is a purposeful contradiction — not simple error or inadvertence. '[D]eliberate or intentional manipulation can be inferred from the record,' where the debtor has knowledge of the undisclosed claims and has motive for concealment." *Barger*, 348 F.3d at 1294 (quoting *Burnes*, 291 F.3d at 1287). In *Barger*, the Eleventh Circuit ruled that the plaintiff had the requisite intent when she failed to list a discrimination claim she had filed six weeks prior to signing her Statement of Financial Affairs. *Id.* at 1291, 1294-95. In *Burnes*, the court ruled that intent could be inferred when the plaintiff had failed to amend his pending bankruptcy petition upon filing an employment discrimination case. *Burnes*, 291 F.3d at 1287-88. The Eleventh Circuit has held that preventing assets from becoming part

---

[24]*See* Bankruptcy Petition, at ECF 27-29.

of a bankruptcy estate, and thus facilitating a discharge, is sufficient to satisfy the "motive for concealment" requirement.  *See, e.g., Jones*, 2012 WL 833320, at *4, *Robinson*, 595 F.3d at 1275-76; *Burnes*, 291 F.3d at 1284.

Based on the record before it, this court can appropriately infer that plaintiff had the requisite intent to "make a mockery of the judicial system."  Just as in *Barger*, he filed an employment discrimination claim less than two months before filing his bankruptcy petition.  There can be no doubt that plaintiff had knowledge of this suit, especially given his inclusion of older lawsuits in his petition, and his then-continuing employment by defendant.  He also had a motive to conceal the suit.  His bankruptcy was discharged quickly, and his debts were discharged in their entire amount of $165,285.89.  The disclosure of this suit would have jeopardized that outcome.

There are no special circumstances that suggest that judicial estoppel is inappropriate for this case.  Plaintiff is represented by counsel in this case, and was represented by counsel in his bankruptcy case.  Thus, plaintiff's claim for damages is due to be dismissed pursuant to the doctrine of judicial estoppel.

**B.     Smith's Claims for Declaratory and Injunctive Relief**

Defendant argues that plaintiff lacks standing to maintain a claim for declaratory or injunctive relief.  It is axiomatic that a "plaintiff has standing to seek declaratory or injunctive relief only when he 'allege[s] facts from which it appears

there is a substantial likelihood that he will suffer injury in the future.'" *Bowen v. First Family Financial Services, Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000) (quoting *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1346-47 (11th Cir. 1999)) (bracketed alteration in *Bowen*).  Accordingly, a plaintiff lacks standing to maintain a claim for injunctive or declaratory relief against his *former* employer.  *See, e.g.*, *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997) ("The . . . plaintiffs are all *former* employees of Motel 6, and allege neither that they will be discriminated against by Motel 6 in the future nor any facts that would support such a conclusion.  Thus, the . . . plaintiffs do not have standing to bring their "retaliation" claim.") (emphasis in original).  Plaintiff concluded his employment with defendant on March 15, 2012.[25]  Thus, he no longer has standing to pursue his claims for injunctive and declaratory relief, and they are due to be dismissed.

## IV.  ORDER

For the reasons stated herein, defendant's motion for summary judgment is GRANTED as to all claims.  Costs are taxed to plaintiff.  The clerk is directed to close this file.

DONE and ORDERED this 7th day of May, 2012.

_____
United States District Judge

---

[25] Affidavit of Brian Marto ¶ 2.